# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## HUGHES, GUARDIAN, v. CITY OF STAUNTON.

### NOVEMBER 16, 1899.

1. TAXATION—*Funds of Ward—Change of Residence of Guardian and Ward After Qualification of Guardian.*—Although a guardian qualify as such in one city of this State, and at that time he and his ward reside there, and the funds of the ward are held there, and the guardian settles all of his *ex parte* accounts before a commissioner of the court of that city, yet if the guardian and ward subsequently remove to another city of this State, and the funds of the ward are invested in the latter city, such funds are properly taxable in the latter city and not in the former.

Error to a judgment of the Corporation Court of the city of Staunton, rendered March 29, 1899, on a motion to correct an erroneous assessment of personal property, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*R. P. Bell,* for the plaintiff in error.

*Carter Braxton,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Plaintiff in error, as guardian for her infant children, G. M. and Jeannie Alexander, on the 29th day of March, 1899, made application, in accordance with the statute providing for the

correction of erroneous assessment of property for taxation, to the Hustings Court of the city of Staunton for relief against certain taxes erroneously assessed against her for the year 1898 by the city of Staunton, on the ground that the said city had no right to assess the funds in her hands belonging to her said infants, as both she and they lived in the city of Lynchburg, where the funds were invested and taxed, and the city tax levied by the city of Lynchburg thereon for the year 1898 had been paid.

The Hustings Court for the city of Staunton, being of opinion that the funds in question were properly assessable in the city of Staunton, because the guardian had qualified there, and had there made *ex parte* settlements of her accounts as such, dismissed her application.

There is no controversy as to the facts relied on by plaintiff in error in support of her application, and they are as follows:

Plaintiff in error, at the time she qualified as guardian for her children, in the Hustings Court of Staunton, in the year 1893, resided in the city of Staunton, and there made *ex parte* settlements of her guardianship accounts before the commissioner of accounts of that court, from time to time, which were recorded in its clerk's office, and from the last of which settlements it appears that she had in her hands as such guardian a fund amounting to $9,105.05. This fund has been assessed for taxation in the city of Staunton each year since the guardian's qualification, although she and her wards several years ago moved to the city of Lynchburg, where they have ever since resided. The funds in the hands of the guardian are invested in the city of Lynchburg for the most part, none of them being invested in the city of Staunton. In the spring of 1898 these funds were placed on the personal property tax books of the city of Staunton, and a State tax, as well as a city tax in favor of the city of Staunton, was levied thereon, and the State tax, amounting to $36.43, paid to the collector of State taxes in Staunton; but plaintiff in

error refused to pay the city taxes claimed by the city of Staunton, because the funds in her hands had also been assessed, and properly, as she was advised, for city taxation in the city of Lynchburg for the year 1898, and this tax, amounting to $150, had been paid by her to the collector of city taxes in the city of Lynchburg.

Section 1043 of the Code provides that cities shall have the right to make their annual levy, for the purposes stated in the statute, upon *any property therein*, and on such other subjects as may at the time be assessed with State taxes *against persons residing therein.*

Under this statute, it is clear that the city of Lynchburg had the right to assess a tax for city purposes for the year 1898 upon the funds in the hands of plaintiff in error; and the funds having been properly assessed and taxed for city purposes in the city of Lynchburg, and the tax thereon paid, there was no right in the city of Staunton to levy and collect a like tax upon the funds.

We are of the opinion, therefore, that the order of the Hustings Court of the city of Staunton dismissing plaintiff in error's application to have corrected the assessment of the funds in her hands, belonging to her wards, for taxation for city purposes in the city of Staunton for the year 1898, is erroneous, and should be reversed and annulled; and this court will enter such order as the Hustings Court of Staunton should have entered, directing that the assessment of the funds in the hands of plaintiff in error placed upon the personal property tax book of the city of Staunton, for city taxation for the year 1898, be stricken therefrom.

*Reversed.*